## MEYER v GEIGER et

Ohio Appeals, 1st Dist, Hamilton Co

No 5487. Decided November, 1938

Nicholas Bauer, Cincinnati, for appellant.

Dock & Goebel, Cincinnati, for appellees.

## OPINION

By ROSS, PJ.

The Court of Common Pleas instructed a verdict sustaining a will in a proceeding to contest the validity of same.

The contestants predicated their attack upon the instrument on a charge of undue influence by a daughter of testatrix, who became the chief beneficiary under the provisions of the will.

The testatrix specifically stated in the instrument that she made the disposition of her property in favor of one daughter because of the lack of proper respect, love, and affection due from the other children to her.

There is evidence that after the death of the husband of testatrix, she lived with a daughter other than the one charged with improper influence at first, and then later came to live with the daughter whose actions are criticized.

There is evidence that this daughter did exclude her sisters from their mother, and ill-feeling grew to intense dislike among the children. This is manifest in the testimony.

The evidence is, however, clear that the testatrix at the time of making the will, some six months before her death, was in sound mind and her capacity to make a will, except for improper influence, is not questioned. Her mental powers were preserved until the time of her death.

It is perfectly obvious that the mother became fond of the beneficiary and estranged from the other daughters.

A testament is placed in contest in a proceeding such as is here considered with a presumption of validity in every respect consequent upon its probate. §12083 GC, provides:

"On the trial of such issue, the order of probate shall be prima facie evidence of the due attestation, execution, and validity of the will or codicil."

There must, therefore, be produced some evidence tending to meet such prima facie case created by the probate in order to justify submitting the case to a jury. The issue in the instant case was made up by the court. There must have been some evidence introduced tending to prove undue influence, or the court could have no alternative but instruct the jury, as was done in this case.

We quote the language used in **41 O. Jur. 356:**

"Influence obtained by proper persuasion, argument, entreaty, cajolery, importunity, intercession, solicitation, appeals to affection, conscience, or sense of duty of the testator, treating a testator kindly, and with consideration and friendliness, or by such other influence as one person may deservedly obtain over another cannot be held to be undue influences, unless they subverted and overthrew the will of the testator and caused him to do a thing that he did not desire to do, even though one should by such means procure a disposition in favor of himself or of someone else whose interests he has maintained."

See also page 484.

A daughter may legally seek her mother's preference to the exclusion of her sisters, so long as she does not go to the extent of making her mother do something she does not want to do. Such conduct, of course, is reprehensible, but it is not illegal. It does not amount to undue influence. In order to justify submission of the case to the jury, there must be some evidence tending to show loss of power to decide or domination of the testator's mental processes.

We fail to find any evidence that the testatrix was influenced by the daughter to such an extent as to amount to

an impairment of the testamentary powers of the testatrix.

The judgment is affirmed.

MATTHEWS, J., concurs.

HAMILTON, J., dissenting:    I am of the opinion that this case should have been submitted to the jury.